# United States Court of Appeals for the Fifth Circuit

No. 22-10244
Consolidated with
No. 22-10718
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2023

Lyle W. Cayce
Clerk

Shanelle Jenkins, as surviving spouse, and Representative of the Estate of Robert Geron Miller,

*Plaintiff—Appellant*,

*versus*

Tarrant County Sheriff's Office; Bill E. Waybourn, in his official capacity as Sheriff of Tarrant County, Texas; Tarrant County; Texas Department of Public Safety, Texas Rangers Division,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-910

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10244

Plaintiff Shanelle Jenkins's husband unexpectedly passed away while he was in the Tarrant County jail. Jenkins brought suit against the defendants—Tarrant County, the Tarrant County Sheriff's Office, Bill Waybourn in his official capacity as sheriff of Tarrant County, and the Texas Rangers Division of the Texas Department of Public Safety—on his behalf. Although her complaint admitted that she did not know the cause of, or circumstances surrounding, her husband's death, she nevertheless asserted claims under 42 U.S.C. § 1983 for "wrongful death," "excessive force," "inadequate training," and for an "official policy or custom,"as well as a few state law claims.

The defendants moved to dismiss, and the district court warned Jenkins twice that her pleadings were "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940 (2009). Jenkins amended her complaint, but the changes merely added a new defendant and did nothing to remedy the problems. The defendants again moved to dismiss. Jenkins's response asked for leave to amend her complaint a second time, promising that this time she would rectify the deficiency.

The district court dismissed Jenkins's federal claims with prejudice and, also declining to exercise supplemental jurisdiction over the remaining state law claims, dismissed the state law claims without prejudice. The court refused to allow Jenkins to amend the complaint a second time. Jenkins does not contest most of these findings; she only appeals the district court's refusal to allow her to amend her complaint for a second time.

We affirm essentially for the reasons stated in the comprehensive and thorough district court opinion. "Except as authorized by the first sentence of Fed. R. Civ. P. 15(a) for one amendment before service of a responsive pleading, a complaint may be amended only by leave of the district court, and,

while such leave is to be freely given when justice so requires, the decision is left to the sound discretion of the district court and will only be reversed on appeal when that discretion has been abused." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). The district court did not abuse its discretion. It concluded that allowing further amendment would be futile and cause undue delay, two justifications that this court has previously identified as "[p]ermissible reasons for denying a motion for leave to amend." *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007) (citation omitted). The district court gave the plaintiff ample warning and time to fill out her threadbare complaint. After Jenkins failed to resolve the problem in a timely fashion, the district court could permissibly find that allowing further amendments was unwarranted. Moreover, the district court also justifiably denied the request to amend because it did not include the proposed second amended complaint, thereby violating the district court's local rules. *See* N.D. Tex. L. Civ. R. 15.1.

The judgment of the district court is AFFIRMED.